CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 31 2011

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON JEROME WATTINGTON, | ) | CASE NO. 7:11CV00242 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| ADULT DETENTION CENTER, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff Jason Jerome Wattington, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Wattington alleges that during his detention at the Danville Adult Detention Center, he has been "denied school release based on [his] race" and was convicted of a disciplinary offense and penalized with segregated confinement and loss of good conduct time.[1] As relief in this action, he asks that unspecified officials at the Detention Center "be replaced with a more professional staff." Upon review of the record, the court finds that the complaint must be summarily dismissed.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a

---

[1] The court notes that in his complaint, Wattington fails to offer an account of the events or other facts that he would offer in support of his claims. Thus, he is advised that his complaint is not in compliance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 (requiring complaint to make "short and plain statement of claim showing that the pleader is entitled to relief") (emphasis added); Rule 10 (requiring complaint to name all parties in title and to state claims in numbered paragraphs each limited to one set of circumstances). He also fails to provide appropriate information about the activity in his inmate trust account obtained from the jail's trust officer or to provide documentation demonstrating that he has utilized all available administrative remedies at the jail, including all levels of appeal.

prisoner against a governmental entity or official if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981).

The only defendant that plaintiff has named in this case is the Detention Center, a regional jail. His complaint does not offer any indication, however, that the alleged violations committed against him by jail employees were in furtherance of jail policy. Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the court will dismiss the complaint without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of May, 2011.

_____
Chief United States District Judge

2